UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| TODD O. KING, SR.,<br><br>Plaintiff,<br><br>vs.<br><br><br><br>SD HOUSING; HUD; MID DAKOTA PROPERTIES; CATHEDRAL SQUARE,<br><br><br>Defendants. | 4:26-CV-04036-ECS<br><br><br><br>ORDER DISMISSING CASE |

On February 19, 2026, Todd King, Sr., appearing pro se, filed a Complaint against various housing entities. Doc. 1. King alleges he was denied housing due to his credit check and inability to obtain a co-signer. Id. at 1. King moves for leave to proceed in forma pauperis. Doc. 3.

"There is a two-step screening process with in forma pauperis litigants." Reppert v. U.S. Dep't of Veterans Affs., No. 4:18-CV-04104-LLP, 2018 U.S. Dist. LEXIS 144072, at *1 (D.S.D. Aug. 24, 2018) (citing Martin-Trigona v. Stewart, 691 F.2d 856, 857 (8th Cir. 1982) (per curiam)). "First, district courts must determine whether a plaintiff is financially eligible to proceed in forma pauperis under 28 U.S.C. § 1915(a)." Id. (citation omitted). "Second, district

courts are to determine whether the complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B)." Id. (citation omitted).

At step one, "[a] federal court may authorize the commencement of any lawsuit without prepayment of fees when an applicant submits an affidavit stating he or she is unable to pay the costs of the lawsuit." Hinton v. Collet (Bishop Dudley Hosp. House), No. 4:24-CV-04181-ECS, 2025 WL 775531, at *1 (D.S.D. Mar. 11, 2025) (citing § 1915(a)(1)); see also Lujano v. Omaha Pub. Power Dist., 30 F.3d 1032, 1034 (8th Cir. 1994). Doing so ensures "that indigent persons will have equal access to the judicial system." Greaser v. State of Mo., Dep't of Corr., 145 F.3d 979, 985 (8th Cir. 1998) (citation omitted). "In forma pauperis status is a privilege, and the decision whether to grant it 'is within the sound discretion of the trial court.'" Infante v. Wagner Holding Tr., No. 3:25-CV-03019-ECS, 2025 WL 2650145, at *1 (D.S.D. Sept. 16, 2025) (quoting Hinton, 2025 WL 775531, at *1). An applicant qualifies to proceed in forma pauperis because of his economic status, but he need not "demonstrate absolute destitution." Hinton, 2025 WL 775531, at *1 (quoting Lee v. McDonald's Corp., 231 F.3d 456, 459 (8th Cir. 2000)); Martin-Trigona, 691 F.2d at 857.

After review of King's application, Doc. 3, the Court finds he has insufficient funds to pay the filing fee. Mr. King's motion for leave to proceed in forma pauperis, Doc. 3, is therefore granted.

Turning to step two, the Court must determine whether King's claim should be dismissed because "the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B).

"To state a claim on which relief may be granted means to include in a complaint sufficient 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Johnson v. Short Staffed Inc., No. 4:25-CV-04129-ECS, 2025 WL 3640926, at *1 (D.S.D. Dec. 16, 2025) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). If that bar is met, the "well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). That is because at this stage in the litigation, the Court assumes as true all facts well-pleaded in the complaint. Gunn v. Stearns, No. 4:25-CV-04034-ECS, 2025 WL 2416132, at *2 (D.S.D. Aug. 21, 2025) (citing Est. of Rosenberg v. Crandell, 56 F.3d 35, 36 (8th Cir. 1995)).

The Court does not assume as true "legal conclusion[s] couched as . . . factual allegation[s]." Papasan v. Allain, 478 U.S. 265, 286 (1986). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 679. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," a claim cannot survive. Id. (citation modified). This standard applies in equal force to pro se plaintiffs. Gunn, 2025 WL 2416132, at *2 (citing Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985)).

King alleges that the named Defendants are requiring credit checks or a co-signer for him to obtain housing. See generally Doc. 1. King "feel[s] that just because [his] credit is bad the above named Defendants are discriminating and denying housing as a person with a disability." Id. at 3 (citation modified). Although King claims that he is bipolar, has depression, "cannot stand for reasons of lower degeneration of spine for long periods," and has a "shattered ankle,"

3

his Complaint acknowledges that the reason he cannot access housing is because of his bad credit or apparent inability to secure a co-signer. See, e.g., id. ("The above named Defendants actually asked me if someone could co-sign, since my credit [wasn't] Excellent." (citation modified)). King cites to SDCL § 20-13-20 and Title VIII of the Civil Rights Act of 1968 in support of his Complaint.

Title VIII of the Civil Rights Act of 1968, codified at 42 U.S.C. § 3601 et seq., is the "Fair Housing Act." See Fair Housing Amendments Act of 1988, Pub. L. No. 100-430 § 4, 102 Stat. 1619, 1619 (1988). The Fair Housing Act prohibits housing discrimination based on a person's "race, color, religion, sex, familial status . . . national origin . . . [or] handicap." § 3604(a), (f)(1). To be sure, "handicap" does not mean having bad credit. § 3602(h). And so, the Fair Housing Act does not prevent a landlord from conducting a credit check or requiring a co-signer when an applicant has bad credit. See, e.g., Young ex rel. Lowman v. Olds, 168 F. App'x 140, 140 (8th Cir. 2006) (per curiam) ("Given Lowman's credit score, which indicated a good chance he would be in default of a rent payment, the jury was free to believe Olds's testimony that his decision not to rent to Lowman was based on Lowman's credit history rather than his race."). King fails to state a claim under the Fair Housing Act, the only law he invokes over which this Court exercises original jurisdiction. King does not plead diversity jurisdiction, and the Court declines to exercise supplemental jurisdiction over his state law claim. 28 U.S.C. § 1367(c)(3).

For the above reasons and the record as it now exists before the Court, it is hereby

ORDERED that King's Motion for Leave to Proceed In Forma Pauperis, Doc. 3, is granted. It is further

4

ORDERED that the suit is dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii). It is finally

ORDERED that King's Motion to Appoint Counsel, Doc. 4, is denied as moot.

DATED this 27th day of April, 2026.

BY THE COURT:

ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE